LS

United States District Court
Eastern District of Pennsylvania

Charles Talbert
    Plaintiff,                    Civil Action
    v.                                No. 14 5177

Corizon Medical;
Ms. M. Tremble;
Ms. Gay;
    Defendants
in their individual and official capacity.

## Complaint:

Plaintiff, Charles Talbert (Mr. Talbert), Pro se, alleges the following:

### Nature of Complaint:

1. This action, in combination of: corporate negligence, negligence, and intentional infliction of emotional distress, against a private health care provider, and employees of that corporation, is to seek compensatory and punitive damages.

### Jurisdiction and Venue:

2. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C.S. 1332 (a).

3. Venue here is appropriate because this is where a substantial amount of acts and omissions giving rise to Mr. Talbert's claims occurred.

### Parties:

4. Mr. Talbert, at all times relevant to this action, was a pretrial detainee at the Curran-Fromhold Correctional Facility (CFCF) in Phila. PA.

5. Corizon Medical (Corizon), at all times relevant to this action, was contracted to work at CFCF in Phila. PA. as the prisons health care provider. Corizon's main site is outside of Phila. PA.

6. Ms. M. Tremble (Ms. Tremble), at all times relevant to this action, was cont-

racted to work at CFCF in Phila. PA. as a Health Service Administrator.

7. Ms. Gay, at all times relevant to this action, was contracted to work at CFCF as either a doctor or nurse practitioner.

8. All said-Defendant work for Corizon and are being sued in their individual and official capacity.

## Statement of Claims:

9. On July 30, 2014, Mr. Talbert came into the custody of CFCF.

10. Early August, 2014, Mr. Talbert went down to CFCF triage unit, controlled by Corizon, where he gave Corizon blood and urine for evaluation.

11. Between that date and towards the end of August, 2014, Mr. Talbert turned in several Sick Call Request forms, complaining about lower back spasms and irritation and infection around his stoma site from his ileostomy not having adequate supplies.

12. None of those Sick Call Request forms, pertaining to the above-mentioned complaints in paragraph 11, herein, were acknowledged by Corizon, failing to perform an established duty, which delayed and prolonged Mr. Talbert's pain. (See Sick Call Request forms).

13. On August 22, 2014, Mr. Talbert was escorted to the Corizon triage unit at CFCF with Lieutenant (LT.) Hilty, while chained up, enroute to Chronic Care.

14. At Chronic Care, on August 22, 2014, Ms. Gay was the licensed Chronic Care physician at CFCF, in which she scrolled down the Corizon owned computer, and explained to Mr. Talbert, how his blood and urine exposed and identified him having a urinary tracking infection along with him having high-triglycerides.

15. Mr. Talbert, after acknowledgement of his new found diag-

nosis, began to give Ms. Gay verbal complaints, in front of LT. Hilty, conditions such as him having severe lower back spasms, and also the burning irritation, and infection, going on around his stoma site, due to liquid feces burning his skin, from not receiving cohesive or eakin seals to stop the heavy uncontrollable leakage.

16. LT. Hilty had Sergeant (Sgt.) Gill come with the restraint keys, to undo his (Mr. Talberts) handcuffs and waiste chain, in order for Mr. Talbert to show Ms. Gay his injuries, in which, in front of Sgt. Gill and LT. Hilty, Ms. Gay disregarded the examination of Mr. Talberts stoma-site, failing to perform an established duty, which furthermore, delayed and prolonged Mr. Talberts pain, as well as mental anguish.

17. It is fact that Mr. Talbert filed suit against Ms. Gay in another complaint, in which her negligence towards him could have been done maliciously; but in any event her acts and omissions showed lack of due diligence and care.

18. Mr. Talbert, thereafter, filed a grievance to Ms. Tremble, in which, she too, turned a negligent blind-eye to his complaints and concerns, even after constructive knowledge; therefore, intentionally allowing the negligent acts and omissions of her Corizon staff occur without interference.

19. It is also fact that Mr. Talbert filed a 1983 suit against Corizon in another complaint; so Corizon is fully aware of the neglect Mr. Talbert receives from its corporation employees; and with actual knowledge without interfering, proves Corizon to be allowing these acts and omissions, negligently, without proper training, supervision, or discipline.

20. Defendants, Corizon, Ms. Tremble, and Ms. Gay, all had actual knowledge of Mr. Talberts serious medical issues explained herein, and negligently had failed to perform the established duty owed to Mr. Talbert, substantially delaying, prolonging, and carelessly depriving him any medical treatment

leaving Mr. Talbert helpless and the proximate cause of him staying in excruciating pain and discomfort along with severe mental anguish that brung about daily migranes from approximately July 30, 2014 up until

Prayer For Relief:

Wherefore, for the foregoing reasons, Mr. Talbert respectfully request this Honorable Court to grant him relief in the form of:

A. Compensatory damages;
B. Punitive damages;
C. Reasonable Court Costs and Lawyers Fees; and
D. Any other relief this Court deems equitable.

Respectfully submitted,

*/s/ Charles Talbert*
without prejudice UCC 1-207.4
Charles Talbert

I, Charles Talbert, hereby verify under rules of perjury, that the foregoing Complaint is true and correct in its entirety.

*/s/ Charles Talbert*
without prejudice UCC 1-207.4
Charles Talbert
Plaintiff, Pro se